IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:14-CV-210-BO

| | |
|---|---|
| JAMES M. JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN PATTERSON, USDA Area Specialist; ) | |
| BARBARA BEARD-HINTON, Assistant State ) | |
| Director of USDA, and HALIFAX CO. ) | |
| AGRICULTURE COMPLEX ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiff James Johnston's *pro se* application to proceed *in forma pauperis* and for frivolity review. [DE 1]. For the reasons stated below, the motion to proceed *in forma pauperis* is ALLOWED and plaintiff's claim is DISMISSED.

## DISCUSSION

Based on the information in the motion to proceed *in forma pauperis*, the Court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore allowed. After allowing a party to proceed *in forma pauperis*, as here, the Court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B).

It appears that this case is plaintiff's fifth lawsuit before this Court. All previous cases (No. 4:10-CV-116-D; No. 4:10-CV-139-FL; No. 4:10-CV-176-FL; and No. 4:11-CV-184-FL) involved the same factual allegations and were dismissed by the Court on frivolity review for lack of subject matter jurisdiction. This case too must be dismissed for lack of subject matter jurisdiction. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) noting that questions of subject matter jurisdiction should be raised by the Court *sua sponte*).

Plaintiff's complaint raises claims that are essentially identical to those he sought to bring in prior cases. *See James M. Johsnton v. Carolyn Patterson: USDA and Shawn Spears – S and J of Raleigh*, No.

4:10-CV-176-FL; *James McKinley Johnston v. Carolyn Patterson, USDA*, No. 4:11-CV-184-FL. In those cases the Court adopted the recommendations of the magistrate judges which recommended dismissal for lack of subject matter jurisdiction due to plaintiff's failure to exhaust his administrative remedies with the United States Department of Agriculture ("USDA"). Where plaintiff has raised the same claims, and offered no evidence or argument in support of this Court's subject matter jurisdiction, the Court reaches the same conclusion as it did in the prior case. *See* 7 U.S.C. § 6912(e); *Gold Dollar Warehouse, Inc. v. Glickman*, 211 F.3d 93, 98 (4th Cir. 2000) (holding that § 6912(e) is a jurisdictional requirement).

7 U.S.C. § 6912(e) requires a plaintiff to pursue his claims against the USDA and its employees with the USDA before seeking relief in this Court. Specifically, this statute provides that "a person shall exhaust all administrative appeal procedures established by the Secretary [of the Department of Agriculture] or required by law before the person may bring an action in a court of competent jurisdiction against . . . the [USDA] . . . an agency, office, officer, or employee of the [USDA]." 7 U.S.C. §6912(e)(1), (3). Because plaintiff has not alleged that he pursued his claims against Patterson and Beard-Hinton through the USDA's administrative process before bring the instant action, the Court has no subject matter jurisdiction over these claims and they should be dismissed.[1] Because no allegations are made against Halifax Co. Agriculture Complex in the complaint, the claims against that defendant must also be dismissed.

On May 16, 2012, District Court Judge Louise Flanagan warned plaintiff that "[i]n light of the successive, identical petitions plaintiff has brought before this court, all dismissed for the same reasons, . . . further suits involving the exact same claims bay be subject to pre-filing injunction." No. 4:11-CV-184-FL [DE 7 at 2]. The Court now renews this warning.

---

[1] The attachments to plaintiff's complaint make multiple references to videos he uploaded to YouTube and FaceBook in which he suggests that he tried to deal with this matter with the USDA from "Halifax, North Carolina to Washington, D.C." The Court has previously considered these exhibits and found that the videos offer no further documentation of any attempt to properly exhaust administrative remedies or intent to do so in the future. The Court again reminds plaintiff that compliance with a jurisdictional requirement must be pled in a plaintiff's complaint. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) (citation omitted). Plaintiff's attachments also include a copy of what appears to be a letter from defendant, yet the letter likewise does not demonstrate that plaintiff has exhausted his administrative remedies.

## CONCLUSION

For the reasons stated herein, the motion to proceed *in forma pauperis* is ALLOWED, but the action is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.

This the __5__ day of December, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3